IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZINA JONES, )  <br>   Plaintiff, )  <br> ) <br> v. ) <br> ) <br> MARRIOTT INTERNATIONAL, ) <br> INC., SABRINA LE, *et al.*, ) <br>   Defendants. ) | CIVIL ACTION NO. 18-00171--N |

## ORDER

This action is before the Court on *sua sponte* review of its subject matter jurisdiction.[1] This action, originally filed by Plaintiff Zina Jones ("Plaintiff"), was removed to this Court from the Circuit Court of Mobile County, Alabama, by Defendants Marriott International, Inc. and Sabrina Le ("Defendants")[2] under 28 U.S.C. § 1441(a). (*See* Doc. 1). In the Notice of Removal (Doc. 1), Defendants allege diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[2] The Complaint also names a number of fictitious defendants. The undersigned's use of "Defendants" in this order refers to defendants Marriott International, Inc. and Sabrina Le, who join in removal of this action. Though the Notice of Removal's "Removing Defendant" section lists only Defendant Marriott International, Inc. the Notice of Removal was filed on behalf of both Marriott International, Inc. and Sabrina Le. Accordingly, the undersigned is satisfied that all defendants have joined in the removal. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.).

desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332).

The undersigned finds that the Notice of Removal fails to sufficiently demonstrate that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C. § 1332(a). To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed … A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

The Complaint does not contain a demand for a specific sum. (Doc. 1-1 at 3-8). Defendants claim that it is apparent from the face of the Complaint, "[g]iven the nature of the claimed permanent personal injuries, psychological injuries, loss of enjoyment of life, and the demand for punitive damages[,]" that the amount in controversy requirement is satisfied. (Doc. 1 at 10). These allegations, however, do not make § 1332(a) requisite amount in controversy "facially apparent" from the complaint. *See Williams*, 269 F.3d at 1318[3]; *See also Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775 at *1, *3 (S.D. Ala. June 29, 2016)(finding general listing of categories of damages did not satisfy amount in controversy requirement).[4]

Upon consideration, no later than **Wednesday, April 25, 2018** Defendants must file and serve any briefing and evidence deemed necessary to show that § 1332(a)'s requisite amount in controversy is satisfied, or that some other basis for subject matter jurisdiction exists in this action. Should Defendants fail to timely file any supplemental materials, or should the additional materials fail to satisfy the

---

[3] "Williams filed a complaint in the State Court of Fulton County, Georgia, alleging that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint alleges that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then alleges that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint seeks general damages, special damages, and punitive damages in unspecified amounts...[I]t is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000."

[4] "In general, to satisfy the jurisdictional amount a plaintiff's claims against a defendant may be aggregated. However, if these claims are alternative bases of recovery for the same harm under state law, the plaintiff could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." *SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (Steele, C.J.) (citation and quotation omitted). *Accord Jones v. Bradford*, Civil Action No. 17-0155-WS-N, 2017 WL 2376573, at *2 (S.D. Ala. June 1, 2017) (Steele, J.) ("No aggregation of claim-by-claim valuations may be done to reach the jurisdictional threshold if the claims presented are alternative bases of recovery for the same harm.").

Defendants' burden of demonstrating subject matter jurisdiction, the undersigned will enter a recommendation to the Court that this action be remanded to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).[5]

**DONE** and **ORDERED** this the **18th** day of **April 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court acknowledges that Defendant Le has filed a motion to dismiss. (Doc. 2). The motion will be held in abeyance until the Court determines whether jurisdiction is present.