IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZINA JONES, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-00171--N |
| | ) | |
| MARRIOTT INTERNATIONAL, | ) | |
| INC., SABRINA LE, *et al.*, | ) | |
|    Defendants. | ) | |

## ORDER

This matter comes before the Court on *sua sponte* review. In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case have consented to have the undersigned United States Magistrate Judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings. (Doc. 9). As discussed herein, the undersigned has determined that subject matter jurisdiction is lacking and this matter is due to be **REMANDED** to the Circuit Court of Mobile County, Alabama.[1]

### I.    Background

This action, originally filed by Plaintiff Zina Jones ("Plaintiff"), was removed to this Court from the Circuit Court of Mobile County, Alabama, by Defendants

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

1

Marriott International, Inc. and Sabrina Le ("Defendants")[2] under 28 U.S.C. § 1441(a). (*See* Doc. 1). In the Notice of Removal (Doc. 1), Defendants allege diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332).

The undersigned previously determined that the Notice of Removal failed to sufficiently demonstrate that the amount in controversy "exceeds the sum or value of

---

[2] The Complaint also names a number of fictitious defendants. The undersigned's use of "Defendants" in this order refers to defendants Marriott International, Inc. and Sabrina Le, who join in removal of this action. Though the Notice of Removal's "Removing Defendant" section lists only Defendant Marriott International, Inc. the Notice of Removal was filed on behalf of both Marriott International, Inc. and Sabrina Le. Accordingly, the undersigned is satisfied that all defendants have joined in the removal. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.).

$75,000, exclusive of interest and costs…" 28 U.S.C. § 1332(a) (Doc 5). To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed … A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

The Complaint does not contain a demand for a specific sum. (Doc. 1-1 at 3-8). Defendants have claimed that it is apparent from the face of the Complaint, "[g]iven the nature of the claimed permanent personal injuries, psychological injuries, loss of enjoyment of life, and the demand for punitive damages[,]" that the amount in controversy requirement is satisfied. (Doc. 1 at 10). As the Court previously held, these allegations, however, do not make § 1332(a) requisite amount in controversy "facially apparent" from the complaint. *See Williams*, 269 F.3d at 1318[3]; *See also Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775 at *1, *3 (S.D. Ala. June

---

[3] "Williams filed a complaint in the State Court of Fulton County, Georgia, alleging that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint alleges that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then alleges that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint seeks general damages, special damages, and punitive damages in unspecified amounts…[I]t is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000."

3

29, 2016)(finding general listing of categories of damages did not satisfy amount in controversy requirement).[4] (Doc. 5).

On April 18, 2018, after reviewing the filings, the undersigned entered an order (Doc. 5) directing the Defendants to brief the question of amount in controversy for purposes of enabling the Court to determine whether diversity jurisdiction was present. Defendants were cautioned that failure to meet their burden with regard to establishing subject matter jurisdiction may result in remand of this matter. (Doc. 5 at 3-4). Defendants Marriott International, Inc. and Sabrina Le have briefed the issue. (Doc. 6).

**II.   Analysis**

Pursuant to § 1332, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse ... and the amount in controversy must exceed $75,000.") (citations omitted). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity

---

[4] "In general, to satisfy the jurisdictional amount a plaintiff's claims against a defendant may be aggregated. However, if these claims are alternative bases of recovery for the same harm under state law, the plaintiff could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." *SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (Steele, C.J.) (citation and quotation omitted). *Accord Jones v. Bradford*, Civil Action No. 17-0155-WS-N, 2017 WL 2376573, at *2 (S.D. Ala. June 1, 2017) (Steele, J.) ("No aggregation of claim-by-claim valuations may be done to reach the jurisdictional threshold if the claims presented are alternative bases of recovery for the same harm.").

4

jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).[5]

Congress, through § 1446(b), has established a "bifurcated removal approach," under which a state court defendant may remove a case to federal court at two procedurally distinct moments in time. *Lee v. Lilly Trucking of Va., Inc.,* 2012 WL 960989, at *1 (M.D.Ala. Mar. 21, 2012).

> First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal. Such a removal must be accomplished "within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action is based...." § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." § 1446(b)(3)[.]

*Id.* (internal citations omitted).

"The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1). The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading,

---

[5] The Notice of Removal alleges that Plaintiff is a citizen of Georgia, Defendant Marriott International, Inc. is a citizen of Delaware and Maryland, and Defendant Sabrina Le ("Defendant Le") is a citizen of Alabama. (Doc. 1).[5] While Plaintiff and Defendants are completely diverse, Defendants argue that Defendant Le was fraudulently joined. However, complete diversity is present with or without Defendant Le's presence.

5

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b)(3)." *Jones v. Novartis Pharm. Co.,* 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013)(footnote omitted). "The now-defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology." *Id.* at 1281 n. 3.

Defendants' removal was pursuant to 28 U.S.C. § 1446(b)(1), *i.e.* a "first paragraph removal." (Doc. 1 at 4). The Complaint does not include a specific damages demand. In *Roe v. Michelin North America, Inc.*, the Court of Appeals for the Eleventh Circuit summarized its precedent with regard to first paragraph cases in which the plaintiff does not make a specific damages demand as follows:

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754

> (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001)).
>
> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

613 F.3d 1058, 1061–62 (11th Cir. 2010)(footnotes omitted).

As the removing parties, the Defendants bear the burden of showing by a preponderance of the evidence that the amount-in-controversy threshold is satisfied. *See Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). That said, defendants are "not required to prove the

7

amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, Defendants may meet their burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). What defendants may not do, however, is resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In evaluating the sufficiency of a removing defendant's jurisdictional showing, courts need not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

The issue before the Court is whether the facts, as they stood on the date of removal on April 11, 2018, prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. In response to the Court's order, Defendants have submitted an August 21, 2017 demand letter from Plaintiff Zina Jones ("Plaintiff"). (Doc. 6-1). The letter, which demands $1,000,000, states in part:

> On the evening of, March 11, 2016, our client, Zina Jones, was outside of the Marriott hotel in Mobile, Alabama located at 3101 Airport Boulevard. Ms. Jones sat on a bench at the Marriot and it immediately gave way causing her to fall to the ground with significant impact. She did file an accident report with Marriot the night of the incident. As a consequence of the above noted incident, Ms. Jones incurred substantial injuries.

8

(Doc. 6-1 at 3). The letter also contains the following breakdown of damages:

| | |
|---|---|
| Premier Orthopedics | $3,653.45 |
| Cervical Laminectomy *Estimate* | $195,966.55 |
| Lumbar Laminectomy *Estimate* | $175,349.15 |
| Peachtree Spine Physicians | $8,558.00 |
| Piedmont Henry Hospital | Will Supplement |
| ER Physicians | Will Supplement |
| Dr. Edward Mack | $400.00 |
| Henry County Radiology Assoc. | $74.00 |
| MedChex for Benchmark Phys. Therapy & AHI | $12,921.50 |
| Pain and Wellness Centers of GA | $3,250.00 |
| Whiplash Injury Center | $7,160.00 |
| Key Health for American Health Imaging | $4,595.00 |

(Doc. 6-1 at 4 emphasis added).

The amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, but "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citing *Hall v. CSX Transp., Inc.*, No. 3:06–CV–37–WKW, 2006 WL 3313682 at *3 n.5 (M.D. Ala. Nov. 14, 2006)). "On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Standridge v. Wal–Mart Stores, Inc.*, 945 F. Supp. 252, 256–57 (N.D. Ga. 1996) (citing *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)).

At first blush, it appears based on the damage amounts described in the breakdown quoted above, that the amount in controversy is satisfied. However, removing the "estimates" which both independently exceed the amount in controversy, the remaining sums total roughly $41,000. The demand letter does not contain facts from which an assessment of damages could be reasonably inferred. Rather, the demand letter requests $1,000,000 and the two amounts listed for "laminectomy estimate[s]" (195,966.55 and $175,349.15) are just that. Estimates. This is not to say that estimates are not relevant to an amount in controversy determination. Here, however, there is no indication that these amounts are actually "in controversy" as there is no explanation or information indicating that these procedures or any others took place, nor are there any descriptions of the injuries requiring these procedures. Further, the injuries and damages alleged are described in a general matter without any specificity as to the injuries or their severity. (Doc. 6-1 at 3).

The demand letter was dated roughly seven and a half months before this matter was removed. Yet, it is the only evidence presented by Defendants in support of satisfying the amount in controversy. While the temporal gap between the demand letter and the date of removal does not render the demand letter useless, given that this is the only evidence submitted in support of establishing the amount in controversy, it is a factor to be considered. Though Defendants have indicated that the damages amounts were to be supplemented, they have not provided any

additional information establishing the amount in controversy other than this letter, despite alluding to receipt of additional information. For example, Defendants state:

> Plaintiff's actual injuries that allegedly stemmed from this matter include, but are not limited to, disc herniations from L3-L4 to L5-S1 that resulted in a cervical discectomy and neural decompression (DND) procedure. Since a protective order has not yet been issued in this ma[t]ter, and since the injuries have been described by the Demand Letter, Defendants are not attaching the Plaintiff's actual records as exhibits on this filing as to prevent any identifying private information from being posted to Pacer. If necessary, Defendants will supplement Plaintiff's medical records upon an appropriate order.

(Doc. 6 at 3). However, the demand letter does not describe Plaintiff's injuries with this specificity and Defendants have not provided any information with regard to the impact of these procedures on the amount in controversy, which could have been done without submitting private medical information. Defendants argue:

> Here, satisfaction of the amount in controversy requirement was not facially apparent from Plaintiff's Complaint. However, evidence beyond the Complaint shows the amount in controversy requirement is clearly met. In Plaintiff's initial demand letter, Plaintiff sought $1,000,000.00. (See Demand Letter, p. 3, attached hereto as Exhibit A). Further, the demand letter stated an itemized list of damages to date, totaling $411,927.65. Id at 2-3. This number was not a total amount of damages incurred up to the date of the demand letter, as the letter stated additional damages will be supplemented. Id. Further, noneconomic damages were included in the demand letter, including "significant pain and suffering, as well as emotional distress … loss of amenity, physical impairment, and an overall lowered quality of life due to this incident." Id.

(Doc. 6 at 2-3).

Defendants' arguments invite the Court to speculate as to the amounts requested "significant pain and suffering, as well as emotional distress … loss of amenity, physical impairment, and an overall lowered quality of life due to this incident." The undersigned declines to do so.

11

In this case, the settlement letter does not reflect a reasonable estimate of the actual value of Plaintiff's claims, and does not support Defendants' argument that the amount in controversy in this case exceeds $75,000. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. As set out above, the Eleventh Circuit has said, "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns,* 31 F.3d at 1097. In determining what that "something" is, courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other. *See*, *e.g.*, *Jackson,* 651 F. Supp. 2d at 1281 ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence."); *Diaz v. Big Lots Stores, Inc.,* 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) ("The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer."); *Hall,* 2006 WL 3313682, at *2 n.5 ("despite the court's consideration of Plaintiff's pre-removal settlement offer ... Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages."). Because it appears Plaintiff's August 21, 2017 demand letter submitted by Defendants exemplifies what appears to be puffery and posturing, its evidentiary value is significantly diminished. Thus, the settlement demand letter, which is all Defendants have submitted in support of establishing the amount in controversy, does not establish by a preponderance of the evidence that the Plaintiff's claims exceed the

jurisdictional amount. Accordingly, this Court lacks subject matter jurisdiction pursuant to § 1332(a) and remand is required.

## III. Conclusion

As Defendants have failed to meet their burden with regard to establishing the amount in controversy, and any uncertainties should be resolved in favor of remand, this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted) *superseded by statute on other grounds as stated by Burnett v. Regions Bank*, 2016 WL 1644182 (M.D. Fla. 2016).

**DONE** and **ORDERED** this the **22nd** day of **May 2018**.

> */s/Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**